NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 31 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THOMAS B. BULLEN, | No. 16-16304 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-01349-TMB |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Timothy M. Burgess, Chief Judge, Presiding

Submitted October 11, 2017**
San Francisco, California

Before: O'SCANNLAIN and BYBEE, Circuit Judges, and MAHAN,*** District
Judge.

---

    \*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    \*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    \*\*\*      The Honorable James C. Mahan, United States District Judge for the
District of Nevada, sitting by designation.

Plaintiff-appellant Thomas B. Bullen appeals the district court's grant of summary judgment in favor of defendant-appellee Jefferson B. Sessions III, Attorney General of the United States. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Bullen claims that his employer, the United States Marshals Service, discriminated against him because he is male and because he is white.[1] Title VII makes it unlawful for an employer to discriminate against an individual "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). A plaintiff may establish a prima facie case of Title VII discrimination by showing (1) the plaintiff belongs to a protected class; (2) he was performing according to his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) employees outside of his protected class with qualifications similar to his own were treated more favorably. *See Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006).

Although there is evidence in the record that Chief Deputy Rivera and Bullen did not like one another, there is nothing in the record that shows that Bullen's supervisors discriminated against Bullen because he is a white male.

---

[1] Bullen abandoned his age discrimination claim on appeal because he did not include any argument about this claim in his opening brief. *See* Fed. R. App. P. 28(a)(8)(A); *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[A]rguments not raised by a party in its opening brief are deemed waived.").

Further, no reasonable jury could conclude on this record that similarly situated minorities or females were treated more favorably than Bullen in his workplace. Moreover, Bullen is unable to prove on this record that he was performing according to his employer's legitimate expectations. Therefore, we affirm the grant of summary judgment on Bullen's discrimination claims.

Bullen claims that his employer retaliated against him multiple times for engaging in protected activity. An employer can violate the anti-retaliation provisions of Title VII in either of two ways: "(1) if the [adverse employment action] occurs because of the employee's opposition to conduct made an unlawful employment practice by [Title VII], or (2) if it is in retaliation for the employee's participation in the machinery set up by Title VII to enforce its provisions." *Hashimoto v. Dalton*, 118 F.3d 671, 680 (9th Cir. 1997) (quoting *Silver v. KCA, Inc.*, 586 F.2d 138, 141 (9th Cir. 1978)). "To make out a prima facie case of retaliation, an employee must show that (1) he engaged in a protected activity; (2) his employer subjected him to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action." *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000).

Bullen complains of several adverse actions, including (1) his demotion from administrative officer; (2) reassignment or suspension from contract oversight specialist; and (3) an ethics inquiry into his conduct that resulted in the loss of a

third-party job offer, criminal charges, and his eventual resignation from the Marshals Service. Bullen has failed to provide sufficient evidence to prove a prima facie case of retaliation for any of these employment actions.

Bullen failed to direct this court to evidence in the record showing that he engaged in protected activity before his supervisor demoted him from his post as administrative officer. Bullen provided evidence that (a) he told his supervisor that he disagreed with a hiring decision, and (b) he told his coworker that he supported the coworker's decision to file an EEO complaint. However, before he was demoted, the record does not show that he complained to his supervisor about discrimination, only that he opposed the hiring decision for other reasons. Further, before he was demoted, the record does not show that he voiced his support of his coworker's EEO complaint to his supervisor, only that he supported his coworker privately. Furthermore, we conclude that no reasonable jury on this record could find that a retaliatory intent "more likely motivated the employer" than the numerous reasons appellee has provided for Bullen's demotion, or that "the employer's proffered explanation is unworthy of credence." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981). Accordingly, we conclude that no

reasonable jury could find that these adverse actions constituted retaliation for protected activity.[2]

After his demotion from administrative officer, Bullen filed EEO complaints that constitute protected activity. However, no reasonable jury could conclude that the Marshals Service would not have taken the same actions against Bullen thereafter but-for his protected activity. Bullen failed to fulfill his duties in his new post as a contract oversight specialist, and there was ample evidence of which his supervisors were aware that he violated federal conflict-of-interest laws in the course of his duties. Therefore, Bullen is unable to prove the causation element of his retaliation claim with regard to these actions.

Bullen failed to show that his supervisor discriminated against him for being white or male. He failed to show that he engaged in protected activity before his demotion from administrative officer. And he failed to show that the EEO complaints caused the employer to take adverse actions against Bullen thereafter. Accordingly, we affirm the grant of summary judgment on all claims because Bullen has failed to provide evidence upon which a reasonable jury could rule in his favor.

_____

[2] Additionally, the argument section of Bullen's opening brief does not contain any citations to the record as is required by Federal Rule of Appellate Procedure 28(a)(8)(A), and we decline to search the record for evidence in support of Bullen's claim.

**AFFIRMED.**